[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 5, 2006
THOMAS  K. KAHN
CLERK

_____

No. 05-12354
Non-Argument Calendar

_____

D. C. Docket No. 04-00521-CR-T-23-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

METODIO VILLEGAS AGUIRRE,
a.k.a. Matodia Viegas-Aguira,

Defendant-Appellant.

_____

No. 05-12711
Non-Argument Calendar

_____

D. C. Docket No. 04-00521-CR-T-23-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELBERT GASSAN MCNISH-STEPHENSON,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

**(January 5, 2006)**

Before BLACK, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Metodio Villegas Aguirre and Elbert Gassan McNish-Stephenson appeal their sentences imposed after pleading guilty to: (1) possession with intent to distribute 5 kilograms of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. § 1903(a) and (g), and 21 U.S.C. § 960(b)(1)(B)(ii); and (2) conspiracy to possess with intent to distribute 5 kilograms of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of § 1903(a), (g) and (j), and § 960(b)(1)(B)(ii). Aguirre asserts the district court erred by denying him a minor or minimal role reduction because: (1) there was no evidence he ever owned, distributed, or sold drugs for money; and (2) his role as a crewmember was "clearly less" than all of the major transporters and owners of the drugs in a larger organization. McNish contends the district court clearly erred by denying him a minor-role reduction because he had no equity interest in the drugs, was not going to be paid a commission, had no particular

2

skill, and was simply asked to accompany the drugs to their destination. He contends the district court cited no specific facts relevant to McNish's case, and did not consider the relevant factors, in contravention of *United States v. De Varon*, 175 F.3d 930 (11th Cir. 1999) (en banc). He notes the court never explicitly denied the objection and may have intended to revisit the issue. We conclude the district court did not err, and affirm.

## I. BACKGROUND

At sentencing, Aguirre argued he was entitled to a minimal or minor-role reduction because: (1) he was merely a "pair of hands on the boat," as he did not drive it, or own it; (2) his role, as a person hired to do a specific task for a set amount of money, as compared with the other people in the larger organization, was small; and (3) there was no evidence that he participated in other trips. The court overruled the objection, based on *De Varon*. At McNish's sentencing hearing, he argued he was entitled to a mitigating-role reduction because: (1) his role was merely to assist in the transportation of drugs; (2) he was paid only a flat fee for his services, and likely would have been paid the same amount notwithstanding the quantity of drugs involved; and (3) he had no ownership interest in the drugs and did not know where the drugs were going. The court responded:

3

I just in fact made a sort of lengthy presentation in the earlier case, and I . . . won't burden you with it any further. But I did rely on— not only the . . . fact of the en banc decision in *United States v. Rodriguez De Varon*, but the many similar cases that myself and others in the building have sentenced . . . [r]emembering always that each case is entitled to be considered on its own merits . . . but most of these cases are almost hauntingly similar . . . I recognize that strong arguments have been made the other way, . . . but I continue to think that . . . the more technically correct view is the one that we have given and that in an instance where a person is taking ton quantities of cocaine in an international criminal enterprise operated on the high seas for a protracted period of time for premium pay, the concept of a minor role is probably due to be denied.

After ensuring McNish did not have any more objections, the court stated: "Okay. Then we are momentarily at offense level 33, criminal history category I," and proceeded to discuss the Government's substantial-assistance motion.

## II.  DISCUSSION

"[A] district court's determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error." *De Varon*, 175 F.3d at 937. The proponent of the reduction bears the burden of proving the mitigating role in the offense by a preponderance of the evidence. *Id.* at 939.

The Sentencing Guidelines permit a court to decrease a defendant's offense level by four levels if it finds the defendant was a "minimal participant" in the criminal activity, or by two levels if it finds the defendant was a "minor participant" in the criminal activity. U.S.S.G § 3B1.2. According to the

4

application notes, a four-level reduction is warranted for "defendants who are plainly among the least culpable of those involved in the conduct of a group," and a two-level reduction is warranted for a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n.4–5).

In determining whether a mitigating-role reduction is warranted, a district court "should be informed by two principles discerned from the Guidelines: first, the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and, second, [his] role as compared to that of other participants in [his] relevant conduct." *De Varon*, 175 F.3d at 940. "Only if the defendant can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable—not a minor role in any larger criminal conspiracy—should the district court grant a downward adjustment for minor role in the offense." *Id*. at 944. Further, "in the drug courier context, . . . the amount of drugs imported is a material consideration in assessing a defendant's role in [his] relevant conduct." *Id.* at 943. In addition, "a district court is not required to make any specific findings other than the ultimate determination of the defendant's role in the offense." *Id*. at 940.

As an initial matter, contrary to McNish's contention, the record shows the district court sufficiently addressed, and denied, McNish's request for a minimal-role reduction. While it did not expressly state it was denying the request, it: (1) explained it was not going to elaborate on its determination because it had explained its findings in the "earlier case;" (2) stated it was relying, in part, on *De Varon*; (3) expressed its view that, where a person transports tons of cocaine in an international criminal enterprise, a minor role "is probably due to be denied;" and (4) ultimately did not award McNish the reduction. As the Government notes, the court's indication that McNish's base offense level was yet to be set does not establish conclusively that it was reserving its decision on the minimal role issue, as it then went on to address the Government's motion for a downward departure, which could effect the offense level. Moreover, contrary to McNish's contention, the court was not required to cite to specific facts, or factors, supporting its denial of his objection. *See id.*

The district court's finding the defendants were not entitled to a minimal role reduction was not clearly erroneous. Regarding the first principle set out in *De Varon*, at sentencing, both defendants were only held accountable for 1,950 kilograms of cocaine, the amount of drugs they were hired to transport, and they helped throw out of the "go-fast" boat. There is no evidence their roles in this

6

relevant conduct were minor, and the district court was permitted to rely on the large amount of cocaine involved in assessing their roles in this relevant conduct.

Considering the second principle set out in *De Varon*, although Aguirre submitted evidence he was not a supervisor on the boat, and the PSIs indicated another crewmember acted as the captain, there was no evidence to suggest any of the crewmembers performed significantly different roles from one another. Instead, the evidence suggests all five crewmembers helped throw the cocaine overboard. In addition, the defendants cannot meet their burden by establishing a mitigating role in a larger criminal conspiracy, but must establish a mitigating role in the conduct for which they were held accountable, here, the 1,950 kilograms of cocaine. Accordingly, because Aguirre and McNish were not held accountable for more drugs than were jettisoned from the boat, and their role was not sufficiently less culpable than the other crewmembers involved in the conspiracy, the district court did not clearly err by denying them a mitigating-role reduction.

## III. CONCLUSION

Because Aguirre and McNish: (1) were held accountable only for those drugs that they handled, and (2) failed to show by a preponderance of the evidence their conduct in helping to transport the cocaine and throwing the cocaine into the water rendered them less culpable than other identifiable participants, the district

court did not clearly err by denying their requests for mitigating-role reductions.

Accordingly, we affirm their sentences.

AFFIRMED.